Storey v. Agnew et al.

JAMES B. STOREY

v.

FRANCIS AGNEW ET AL.

1. SALE BY DEBTOR TO CREDITOR—WHEN NOT FRAUDULENT.—A debtor has a right to prefer one creditor over all others, and he may sell his property to such creditor, where no lien exists to forbid it; and if the transaction be an honest one, made in good faith, for an adequate consideration, it matters not how many creditors may be prevented thereby from reaching the

property. A creditor violates no rule of law when he takes payment of his demand, though other creditors are thereby deprived of all means of obtaining satisfaction of their own claims.

2. POSSESSION REMAINING IN DEBTOR.—S. loaned to T. money to carry on his business, with an understanding that the articles manufactured by T. were to be the property of S. until the loans were paid, the manufactured articles remaining in the possession of T. So long as there was no actual delivery of the property to S., it remained, as to third persons, the property of T., and subject to attachment or execution for his debts.

3. CHANGE OF POSSESSION—LIEN OF EXECUTION—PRESUMPTION.—There being nothing in the record showing when the execution was received by the sheriff, it will be presumed that it was delivered to him on the day a levy was made. The attachment having previously been dissolved, the defendant had the absolute power of disposition over his property up to the time of the levy, and S. having before that time taken possession of the property in good faith in payment of his debt, he is entitled to the benefit of the preference thus obtained.

4. PURCHASE OF PROPERTY ATTACHED.—The purchase by S. is not affected by the fact that at the time of the purchase there was a lien by attachment upon the property; such purchase was necessarily subject to the attachment lien, and that lien being defeated by vacation of the attachment, the rights of S. remained unaffected by it. Nor is such purchase while the attachment remained, any evidence of fraudulent intent on his part to defeat the creditors of T.

APPEAL from the Circuit Court of Cook county; the Hon. W. K. McALLISTER, Judge, presiding.

Mr. J. W. MERRIAM, for appellant; that the original transaction was in the nature of a pledge or collateral security for money loaned, cited Stokes v. Frazier, 72 Ill. 428: Loomis v. Stave, 72 Ill. 623; Cooper v. Ray, 47 Ill. 53.

Signing the forthcoming bond was an admission by appellant of property in Terhune: Chrisman v. Matthews, 1 Scam. 148.

An attachment lien ripens only by perfecting a judgment in the attachment suit: Rhodes v. Amsinck, 38 Md. 345; Fetlyplace v. Dutch, 13 Pick. 388; Wheeler v. Nichols, 3 Me. 233; Goddard v. Perkins, 9 N. H. 488; Denny v. Willard, 11 Pick. 519; Starr v. Moore, 3 McLean, 354.

The attachment being vacated, Terhune had an absolute right to sell the property: Gas v. Williams, 46 Ind. 253; Boggs v. Bindekoff, 23 Ill. 66; Danforth v. Rupert, 11 Iowa, 547; Suydam v. Hoggeford, 23 Pick. 465; Lawrence v. Steadman, 49 Ill. 270.

The fact that appellant knew of Terhune's indebtedness to others, does not raise a presumption of fraud: Nelson v. Smith, 28 Ill. 495.

A creditor may take pay for his debt, though he thereby deprives others of the means of securing their own: Gray v. St. John, 35 Ill. 222; Ewing v. Runkle, 20 Ill. 448; Hessing v. McCloskey, 37 Ill. 341.

It must be shown that both vendor and vendee intended to hinder creditors: Brown v. Reiley, 22 Ill. 46.

A debtor may prefer one creditor to the others: Garr v. Hill, 1 Stock. 215; Kirtland v. Snow, 20 Conn. 23; Uhler v. Mulfair, 23 Pa. St. 483.

The pendency of another creditor's suit is immaterial: Kerkendall v. Middleton, 15 Mo. 416.

Messrs. E. & A. Van Buren, for appellees; that the sale to appellant was void as to creditors of Terhune, cited Johnson v. Holloway, 82 Ill. 324; Boies Adm'x v. Henney, 32 Ill. 130; Phelps v. Curts, 80 Ill. 109.

Where the finding of the court is not clearly against the weight of evidence, it will not be disturbed: Demoss v. Hannaman, 46 Ill. 185; Smith v. Brown, 46 Ill. 186; Carrigan v. Hardy, 46 Ill. 502; Thompson v. Anthony, 48 Ill. 468.

Bailey, J.    This is an action of replevin, brought by appellant against appellees, to recover sixty-one show-case frames, which, as was alleged, belonged to appellant, and had been taken and were unjustly detained from him by appellees. Only fifty-three of said frames were seized and returned to appellant under said writ. Appellant thereupon filed his declaration in replevin, and also joined therewith a count in trover for the frames not returned. Appellees appeared, and among other defenses, pleaded a justification under a writ of execution issued from the Superior Court of Cook county to said Agnew, as sheriff of said county, on a judgment rendered by said court in favor of one Caspar Sendlinger against one Mathias Terhune. The real question in issue was, whether at the time said writ of execution came to the hands of said sheriff, said frames were the property of said Terhune, or of appellant.

The situation and circumstances of the property in contro-
versy are briefly as follows.  In January, 1876, said Terhune,
who was a manufacturer of show-cases doing business in Chi-
cago, was indebted to appellant, who was a broker, to the amount
of about $600, for money previously loaned him.  With the
view of enabling Terhune to make up a stock of show-cases for
the spring trade, so as to enable him to pay his debts, appel-
lant entered into an arrangement with him, by which appellant
was to advance him money to buy what material he wanted to
use in manufacturing a stock of cases.  To secure appellant
for his advances, it was understood that the show-cases were to
be made up in lots of ten or fifteen at a time, and each lot when
finished was to be numbered and turned over to appellant, as
his own property, and that appellant would then advance more
money for materials, and so on.  In pursuance of this arrange-
ment appellant advanced to Terhune, from time to time,
between the eighth day of January, 1876, and the sixth day of
May following, various sums of money, taking a note for each
separate loan, whereby the indebtedness of Terhune to appel-
lant became increased, over and above all repayments, to
$1,858.56.  During this period Terhune had manufactured
between sixty and seventy show-case frames, which had been
numbered and laid aside in Terhune's ware-room, as the prop-
erty of appellant.  Under the arrangement Terhune was to fin-
ish the cases in the spring, and when they were sold appellant
was to be paid what he had advanced and Terhune was to have
the balance.

Such being the relations of the parties, a writ of attachment
was issued out of the Superior Court of Cook County, on the
third day of May, 1876, at the suit of Caspar Sendlinger, against
said Terhune, and levied upon forty-three of said show-case
frames, the same then being in the warehouse of said Terhune.
Terhune thereupon executed to the sheriff a forthcoming bond
for said frames, with appellant as his surety, and said frames
were restored to said Terhune's possession.  While the prop-
erty was in this situation, Terhune, on the eighth day of May,
1876, made an absolute sale and delivery to appellant, of sixty-
four of said frames, including the forty-three on which the

attachment was levied. Appellant paid for the frames so sold and delivered to him by the surrender to Terhune and cancellation of notes then held by him against Terhune, amounting in all to $849.20. This, so far as appears, was the reasonable value of said property. Appellant, on purchasing and receiving a delivery of said show-cases as aforesaid, took them immediately into his actual possession, and removed them from Terhune's warehouse to an apartment owned by a third party, on the other side of the street, and there stored them, and paid the storage thereon.

In the attachment suit, Terhune filed a plea traversing the facts stated in the affidavit. The issue thus presented does not appear to have ever been actually tried, but on the 8th day of June, 1876, Sendlinger obtained a judgment in the attachmant suit, for $192.78 and costs, and in and by said judgment a general execution against said Terhune was awarded, but no special execution for the sale of the property attached, so far as appears, and on the 10th day of June, 1876, by agreement of the parties, the attachment was dissolved and the forthcoming bond filed in said suit surrendered to Terhune. An execution on the judgment against Terhune was issued, bearing date June 8, 1876. The date of the delivery to the sheriff is not shown by the record, but it appears that on the 23d day of June, 1876, it was levied by the sheriff on sixty-one of the show cases in appellant's possession as the property of Terhune.

This suit was tried before the court without a jury, and the issues found and judgment rendered in favor of appellee. It is urged by appellant that the finding and judgment of the court below, were against the law and the evidence.

The only theory upon which the judgment can be sustained is, that the transactions between appellant and Terhune were fraudulent and void as to the other creditors of Terhune, and particularly as to Sendlinger. The attachment in favor of Sendlinger having been dissolved, it cannot be pretended that he can now assert any rights depending upon the lien of said attachment. From the time of its dissolution, it could have no further force or effect than if it had never been issued. Sendlinger's lien, then, cannot relate back to the service of the

attachment writ, but only dates from the time his execution was delivered to the sheriff. As there is no proof of the date of such delivery, we know of no principle upon which a delivery is to be presumed anterior to the date of the levy, which was on June twenty-third. Up to the time Sendlinger's lien attached, Terhune had the absolute power of disposition over his property, and had the undoubted right to use it in good faith, in payment of his other creditors, even to the exclusion of Sendlinger.

The rule of law is well settled, that if the transaction be an honest one, made in good faith and for an adequate consideration, it matters not how many creditors may be prevented thereby from reaching the property. A party, though in debt, may sell his property to any one he pleases, for an honest and fair consideration, if no lien exists to forbid it. Nor can it be denied that a debtor has a right to prefer one creditor over all others. Hesing v. McCloskey, 37 Ill. 341. And a creditor violates no rule of law when he takes payment of his demand, though other creditors are thereby deprived of all means of obtaining satisfaction of their own equally meritorious claims. Gray v. St. John, 35 Ill. 222.

A creditor has an unquestionable right to run a race of diligence with other creditors. If, before others have obtained a lien, he succeeds in subjecting the property, in good faith, to the payment of his debt, he is entitled to the benefit of the preference thus obtained. Nor are his rights in the least affected by notice of proceedings by other creditors to collect their debts. It is only when under guise of collecting or securing his own debt he obtains a gift, grant, conveyance, assignment or transfer of or charge upon the estate or property of his debtor, with intent to disturb, hinder or defraud creditors or other persons that the law pronounces the title thereby obtained void as to other creditors. He may collect his debt, but he will not be permitted to use it as an instrumentality for obtaining colorable title to the property of his debtor, with intent to hold the same for the debtor's benefit.

There can be no doubt that the original arrangement between appellant and Terhune, under which the former advanced his money to the latter, was, so far at least as third persons were

concerned, a mere loan of money. Notwithstanding the agreement that the show-case frames, when completed, should be numbered and turned over to appellant as his property, so long as there was no actual delivery of the frames they remained, as to third persons, the property of Terhune. Doubtless, as between appellant and Terhune, the former acquired a lien by virtue of which, upon sale of the frames, he was entitled to receive his advances out of the proceeds. Such being his rights, we perceive no difficulty in the way of a subsequent arrangement between appellant and Terhune for the absolute purchase by the appellant, at an adequate price, of any given number of the frames, after they were·manufactured. Any lien he might have held under the first arrangement, was no obstacle to the subsequent purchase.

Nor do we perceive that appellant's purchase can now be regarded as in any degree invalidated by the fact that, at the time it was made, there was a subsisting lien upon the property by virtue of the attachment writ. Had that lien been preserved and perfected, it would undoubtedly have been prior in time to appellant's purchase, and would have cut off his title thereby acquired. Appellant purchased subject to that lien, but as the lien was itself defeated by the vacation of the attachment, appellant's rights remain entirely unaffected by it. Nor was the purchase by appellant while the attachment lien was. subsisting, any evidence of a fraudulent intent on his part. We perceive no difference in principle between this purchase and the purchase of any other property already subject to a lien. The lien here was inchoate, and in all such cases the purchaser takes the property with the risk of being obliged to. pay the lien in case it is finally established and matured.

We fail to find, in the record, any evidence of bad faith on the part of appellant. He purchased the property at an adequate price, at a time when, so far as any rights now subsisting are concerned, he had a right to purchase it. He took it at once into his immediate and exclusive possession, and so held it until taken from him under the execution. There is no evidence that Terhune, after the sale, interfered with it in the least. Nor is there any evidence tending to show that

lant held it upon any secret trust for the benefit of Terhune, or with any view of treating it other than as his own absolute property.

It is true, that after the sale of the frames in question, appellant employed Terhune in his business, and issued circulars on which was printed Terhune's name, and under it the words "Manager for James B. Storey." We find no evidence, however, that Terhune as appellant's agent, or otherwise, ever interfered or attempted to interfere with the frames in question, which had been taken from his warehouse and stored in another place. It appears on the contrary, that a few of them were sold, and that such sales were made by appellant in person.

After duly considering all the facts shown by the record, we are unable to concur with the learned judge before whom the case was tried in the court below, in the conclusions reached by him. We think his finding contrary to the evidence, and that for that reason the judgment should be reversed and the cause remanded.

Judgment reversed.