# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

SECOND DISTRICT—MAY TERM, 1896.

## Jacob Goldstein v. Sarah Smiley.

1. MARRIED WOMEN—*Recovery for the Sale of Dower and Homestead not Barred by Fraud of the Husband.*—A person in failing circumstances conveyed his land to one of his creditors, who promised the wife of such person to pay her three thousand dollars for her interest in the lands at the time of the execution of the deed, in consideration of which promise she joined with her husband in the deed. *It was held* that she was not barred from recovering the money promised, because, in the execution of the deed by her husband, it was his intention to defraud and hinder certain creditors in the collection of their debts.

2. VERDICTS—*Upon Conflicting Evidence.*—Where the evidence is conflicting and irreconcilable, the judgment will not be reversed on the ground that the verdict is against the evidence, where evidence on the part of the prevailing party by itself considered is sufficient to support a verdict.

3. PREFERENCE—*By Debtor in Failing Circumstances.*—That a debtor in failing circumstances may prefer certain of his creditors, is a doctrine well settled in this State.

4. EXCEPTIONS—*Must be Taken in the Court Below.*—An error in the action of the trial court can not be considered on appeal, where there should have been an exception, and no exception was taken.

5. RECOVERY—*Under the Common Counts.*—When a contract has been fully performed by the plaintiff, and there is nothing further for him to do, he may recover under the common counts.

Assumpsit, common counts. Appeal from the Circuit Court of Iroquois County; the Hon. THOMAS F. TIPTON, Judge, presiding. Heard in this court at the May term, 1896. Affirmed. Opinion filed December 9, 1896.

(49)

C. H. PAYSON and NELLY B. KESSLER, attorneys for appellant.

FREE P. MORRIS and FRANK L. HOOPER, attorneys for appellee; JONES & NEWLIN, of counsel.

MR. PRESIDING JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

This was a suit by appellee against appellant to recover on an alleged agreement to pay $3,000 to appellee in consideration of her joining with her husband in a deed of conveyance to appellant for two hundred acres of farm land situated in Iroquois county.

There was a recovery for $3,000.

The circumstances under which the deed was executed was as follows:

James Smiley, the husband of appellee, owned the land and resided upon it with his family. On the 13th of December, 1895, being heavily in debt to various parties, and fearing that judgments would be entered against him on judgment notes, he entered into a scheme with Goldstein whereby he should sell to the latter the land for $13,000 and defeat certain of his creditors in the collection of their debts. In furtherance of a previous understanding, Goldstein, in company with one F. R. Moore, went to the house of Smiley about nine o'clock that night, where the deed was drafted by Moore, signed by Smiley and appellee, and acknowledged before a justice of the peace who was present. It was claimed at the time that appellee had advanced $3,000 to her husband which had been invested upon the farm and both she and her husband were desirous that that amount should be paid her out of the $13,000 which Goldstein was to pay for the farm. There is a conflict in the evidence as to whether Goldstein promised to pay appellee the $3,000 for her interest in the property at the time of the execution of the deed. Appellee testified that Goldstein made such a promise, and she is corroborated by other witnesses who were present. Upon the other hand Goldstein testified that

the promise was not to pay her the $3,000 for her interest in the land, but merely as a creditor of Smiley, and that such promise was contingent upon there being no judgment entered which would cloud the title to the land before the deed could be recorded. He is corroborated by Moore.

All parties seemed anxious that the deed should be recorded before the entry of any judgments. So Moore took it to the recorder's office and had it filed at 7:30 A. M. the next morning. In defense, it was urged upon the trial that no such promise as that averred in the declaration, was made, but that such promise as was made was that Goldstein would pay appellee $3,000 in the event there should be no judgments entered against her husband before the deed should be recorded; that she was barred from a recovery because she had joined in a deed with her husband for the purpose of defrauding one of her husband's creditors; and as an additional defense, that she had already been paid the $3,000 by one Bartmeer and one German. The same contentions are urged here, and in addition it is claimed the judgment should be reversed because of erroneous instructions given appellee, and because the court refused to give proper instructions offered by appellant.

In the conflict of evidence as to what the promise of Goldstein was at the time of the execution of the deed, it was the peculiar province of the jury to decide. We think they rightly decided, and that the consideration of the promise was a conveyance of all right which appellee had in the land—her inchoate right of dower, her right of homestead and the equitable right asserted by reason of her advancing the $3,000. It was not a conditional promise. There is no force in the contention that appellee is barred from a recovery because in the execution of the deed and the sale of the property to Goldstein, it was intended by Smiley to defraud McGill and hinder him in the collection of his debt. Smiley had the right to prefer certain of his creditors. That doctrine is so well settled in Illinois as to render the citation of authorities unnecessary.

Even if Smiley had been guilty of fraud none has been

shown as against appellee. The claim that appellee had been paid by Bartmeer and German is not supported by the proof. Complaint is made that the court would not allow appellant to prove that four judgments entered against Smiley before the deed was recorded were upon notes signed by him as surety for Bartmeer and German, and that after the application of $12,000 of the $13,000 purchase money for the land to the satisfaction of those judgments under an arrangement with Goldstein, Smiley and the judgment creditors, Bartmeer and German, paid the amount of the judgments to appellee. It is quite clear that before appellant could avail of the fact that Bartmeer and German had paid to appellee the amount of those judgments as a defense to this action, he would have to show that such judgments were made in discharge of his promise. This he did not offer to do, and for the reason that the court properly rejected the proofs.

We see no substantial objection to appellee's fourth and fifth instructions. They contain legal propositions, are properly stated and were applicable to the evidence. It is urged that they were variant to the declaration, however. It may be observed that no objection was made to the evidence upon the ground of a variance, and no objection of that kind could obtain if made here for the first time. If the instructions were applicable to the evidence and the objection that they did not apply to the case made by the declaration was not made below (and it does not appear that it was,) it would seem it could not be urged here for the first time. But there is a stronger reason why that contention of appellant must fail. In addition to the special count the declaration contained the common counts. Upon the contention of appellee as to what the contract was there could be a recovery for money had and received under the common counts alone. She had executed the deed, it had been accepted and placed of record, and all that remained to be done was the payment of the $3,000. When a contract has been fully performed and nothing remains to be done except to pay the money, a recovery can be had

under the common counts.    Fowler v. Deakman, 84 Ill. 130 ; Gottschalk v. Smith, 156 Ill. 377.

No error was committed by the court in refusing instructions.

The judgment is right and should be affirmed.