## Jacob C. Wickler et al. v. The People, etc., for use of John Lorenz.

1. CONSTABLES —*Liability of Sureties.*—The seizure of the goods of A, under color of process against B, is not a mere private trespass of the officer, but is official misconduct, constituting a breach of his official bond.

2. PRACTICE—*Defects in Declaration—Time to Object.*—If a declaration in an action for the wrongful seizure of mortgaged property is defective in failing to state that the mortgagor was the owner of the property at the time of the execution of the mortgage, the defendant should call the attention of the court to it during the trial. Such a defect is cured by verdict.

3. PREFERENCES—*Manner of Making.*—A debtor has a right to prefer one of his creditors to the exclusion of others, either by making payment or giving security, and may execute a chattel mortgage in order to make a preference.

4. SAME—*Motives of Debtor Immaterial.*—The motive of an insolvent debtor in securing one creditor to the exclusion of others, can not be inquired into, providing the creditor has done nothing improper.

5. DELIVERY — *Of Note and Mortgage — Presumption as to.*—If a chattel mortgage and note is found in the hands of the mortgagee, the presumption of law is that it was properly delivered to him, and strong proof is required to overcome such presumption.

**Debt**, on a constable's bond. Appeal from the Circuit Court of Woodford County; the Hon. NATHANIEL W. GREEN, Judge, presiding. Heard in this court at the May term, 1896. Affirmed. Opinion filed December 9, 1896.

JAMES A. RIELY and THOMAS KENNEDY, attorneys for appellants.

A. M. CAVAN and W. L. ELLWOOD, attorneys for appellee.

MR. JUSTICE LACEY DELIVERED THE OPINION OF THE COURT.

This was a suit brought by appellee for the use of John Lorenz on the constable's bond of Jacob C. Wickler, one of appellants, charging that the said Wickler, as constable, by virtue of three executions against C. Schultz, levied on certain property of John Lorenz, claiming it as the property of

Schultz, the execution running against the goods and chattels of said Schultz and no one else, and took possession of the said property under such writs, to wit: a lot of butcher's tools and outfit, consisting of counter, butcher's blocks, scales, paper cutters, hanging lamps, meat saws, cleavers, dried beef cutter, bladed meat rocker, meat cutter, kettle, sausage stuffer, ice box and fixtures, meat hooks, belts, pullies and shafts, one bay mare, one single harness, one wagon, one cow.

The said Wickler and the other appellants, his securities, were made parties defendant.    The bond was for $3,000, dated April 10, 1893, and was in the usual statutory form.

The constable, Wickler, after demand upon him by Lorenz for the return of the said property, advertised and sold the most of it at constable's sale to different bidders for a small sum, not to exceed $50.

The evidence showed, however, that the value of the property was in excess of the verdict found by the jury.

The case was tried by a jury, which returned a verdict in favor of appellee for $3,000 debt and $322.72 damages, and judgment was rendered against the appellants for $3,000 debt and $322.72 damages, debt to be satisfied by the payment of damages.

The pleas were *non est factum*, and three special traverses and pleas to the effect that the chattel mortgage under which Lorenz claimed was fraudulent, and made to hinder and delay creditors, and that no proper demand was made by Lorenz upon Wickler for the property, and that Wickler sold the property with the knowledge and acquiescence of Lorenz.    Issue was joined on the pleas and a replication was filed answering that Lorenz was not present at the sale, consenting thereto.

The claim of Lorenz to the property consisted of a chattel mortgage from said Schultz to him, dated August 7, 1893, acknowledged before a justice of the peace in due form and recorded in the recorder's office of the county on the same day, all prior to the issuing of the execution, which mortgage covered the property levied upon and was given to

secure a promissory note from said Schultz to Lorenz, bearing even date with the said mortgage, and due two years after date, for the sum of $320, with interest at the rate of seven per cent per annum from date, interest payable annually.

The mortgage contained a provision that the possession of the property should remain with the said Schultz until default in the payment of the note, with the usual proviso that the mortgagee might take possession of the property any time that he might feel insecure and unsafe.

It appears that Schultz and Lorenz were brothers-in-law, the latter living in Chicago, Cook county, Illinois, and the former in Minonk, Woodford county, same State, and that the note and mortgage were given for a pre-existing debt due from Schultz to Lorenz for borrowed money to buy his butcher's outfit; that this was not the entire amount of the debt due from Schultz to Lorenz.

The above mortgage was the basis of Lorenz' claim to the property in question.

Counsel for appellants make many points which he urges for reversal of the judgment.

We will only notice such as we deem of any importance.

The first point made is, that this action will not lie against the securities on the constable's bond in this kind of a case.

We think that they are liable on the bond, and while there is conflict of authority on this question, we think the weight is in favor of their liability.

This court held to that effect in Horan v. The People, 10 Ill. App. 21, and where an officer levies a writ issued against the property of "A" upon the property of "B" it is a breach of the bond. See also Jones v. The People, 19 Ill. App. 300; see also Walsh v. The People, 6 Ill. App. 204.

We know of no case in this State to the contrary, and we will adhere to our former ruling, believing it to be correct.

Another objection made, is that the declaration is defective in not stating that Schultz was the owner of the property at the time he executed the mortgage.

We think this point is not well taken.   The proof showed
that he was the owner of it, and the declaration was not
demurred to, and neither was there any objection at the trial
to the introduction of the evidence on that ground, nor
motions in arrest of judgment, nor any objection made
whatever.   It is too late to make such objection in this
court.   If such an objection had been raised in the court
below, the declaration could have been amended, even after
the evidence was all in, and before verdict, and after
verdict we think it is too late to make such an objection.
C., R. I. & P. Co. v. Clough, 134 Ill. 586.

The next point counsel for appellants raises, is that the
mortgage was given to secure a pre-existing debt, and there-
fore not valid as against creditors.

There is nothing in this point.   A chattel mortgage given
in this State, under our laws, is good and valid if *bona fide,*
whether the debt was created at the time the mortgage was
given, or before, if the forms of the statute have been com-
plied with.   McConnell v. Scott, 67 Ill. 274.

We never have understood that this principle has ever
been questioned in this State.

A debtor in this State has a right to prefer his creditors,
and to secure them, and to prefer one to the exclusion of
another, and to execute a chattel mortgage in order to make
a preference.   See Hesing v. McCloskey, 37 Ill. 341; Pin-
grey on Law of Chattel Mortgages, Sec. 593; Jones on
Chattel Mortgages, Sec. 356.

The motive of an insolvent debtor in securing one cred-
itor to the exclusion of another can not be inquired into
provided the creditor has done nothing improper.   Thorn-
ton v. Davenport, 1 Scam. 296; Funk v. Staats, 24 Ill. 632.

It is insisted on the part of the appellants that the motive
on the part of Schultz in giving the mortgage was improper,
and that he was doing so for the purpose of delaying his
other creditors.

From the evidence, we see but little foundation for this
charge.   Schultz was indebted in only a small amount besides
this claim, and the only motive, so far as we can see, in
giving the mortgage, was a laudable one, to secure his

brother-in-law in a considerable sum of money, which the latter had been kind enough to loan him, and which was used in the purchase of the very property mortgaged, and much less can we see any improper motive on the part of Lorenz in desiring to have his debts secured.

We think the evidence is abundant, without reference to the introduction of evidence, or instructions to sustain the verdict of the jury, and the verdict should not be reversed for slight errors, if any, on the part of the court on the introduction of evidence complained of.

Another point is made, that the evidence does not establish a delivery of the note and mortgage in question from Schultz to Lorenz before the 15th day of August, 1893, the date when Wickler received the first execution.

We think the evidence is sufficiently clear on this point.

The mortgage was executed and recorded by Schultz according to an existing arrangement with Lorenz, and when recorded should be regarded as a sufficient delivery. It was for the benefit of Lorenz, and assent to it would be presumed.

The chattel mortgage and note was found in the hands of Lorenz, and the presumption of law is it was properly delivered to him, and it would require strong proof to overcome such presumption. Tunison v. Chamblin, 88 Ill. 378; Warren v. The Town of Jacksonville, 15 Ill. 241; Carnes v. Platt, 41 N. Y. S. Ct. 435.

If the deed was delivered to strangers who had no authority to receive it, the delivery will be good if ratified by the grantee, if there was no authority in the first instance. Morrison v. Kelly, 22 Ill. 626; Ferguson v. Miles, 3 Gilman, 358; and if delivered to a third person with the assent of grantee would be effectual. Hinrichson v. Hodgen, 67 Ill. 179.

A delivery to a third party for benefit of grantee is good and conclusive on grantor. Crocker v. Lawenthal, 83 Ill. 579.

The constable's notice of sale was not improper, for the evidence showed that entire title of the property was sold, and not the mere equity of redemption of Schultz, and that

was sufficiently testified to by Wickler himself and other evidence.

The evidence is also clear that Lorenz claimed the property from the constable, as shown by J. C. Wickler, constable, in his notice to the plaintiffs in the execution, notifying them that the rights of property would be tried September 23, 1893.

It is attempted to screen the constable from liability for selling the property under the executions by trying to show that he was the mere agent of one Ryan, a bailee appointed by the landlord of Schultz, to make distraint of the goods in question, and that Ryan had taken the goods prior to the issuing of the execution and turned the property over to Wickler after the executions were issued.

But the record shows that the property was levied on under the execution, and advertised and sold thereunder, and not under any distress warrant, and it was not even pretended to be sold under a distress warrant. There is another point made that Lorenz stood by and saw the sale without objection, and by so doing assented to the sale.

Even if he had done so, it was well understood by Wickler, the constable, that Lorenz claimed the property, and that sale was being made against Lorenz's will.

Complaint is made of the giving of appellee's instructions and of refusing appellants' instructions. We think, under the evidence and facts in the case, there was no serious error on the part of the court in its actions or instructions. The court gave six of the appellants' instructions, and modified and gave another, out of his series of twenty offered, and refused the rest.

We have not time to go into a critical examination of all these instructions, but we think the jury was fairly instructed. As we think, without reference to the instructions, the verdict was correct on the evidence.

After careful examination of the evidence in the case, we are of the opinion substantial justice has been done, and that there have been no substantial grounds urged for a reversal of the judgment.

The judgment of the court below is therefore affirmed.