## Herman Eickstaedt v. Augusta Moses.

1. DEBTOR AND CREDITOR—*Right to Prefer Creditor.*—A debtor has a right to prefer one creditor to another, and a creditor has a right to obtain a preference over the claim of another so long.as it is not done to aid the debtor in hindering and delaying his creditors.

2. FRAUD—*Not to Be Presumed.*—Actual fraud is not to be presumed; it must be proven by him who alleges it; and if the motive and design of the act may, under the evidence, as well be traced to an honest and legitimate source as to a corrupt one, the former is to be preferred.

3. CHATTEL MORTGAGES—*What Must Be Shown in Order to Impeach.*—To impeach a mortgage of personal property it is necessary to show that both mortgagor and mortgagee designed to hinder, delay or defraud creditors.

Bill to Foreclose a Chattel Mortgage.—Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge presiding. Heard in the Branch Appellate Court at the October term, 1901. Reversed and remanded with directions. Opinion filed January 16, 1903. Rehearing denied February 3, 1903.

FRANCIS T. MURPHY, attorney for appellant; EDWARD C. HIGGINS, of counsel.

ELI MOSES, attorney for appellee; L. A. McDONALD, of counsel.

MR. PRESIDING JUSTICE WATERMAN delivered the opinion of the court.

Upon the hearing of this cause it appeared that appellant, many years ago, being an agent for a brewery and engaged in the selling of beer upon commission, loaned money to Mrs. Johanna Zetlmeier, she being then the keeper of a saloon, and buying beer from him. She does not appear to have paid him anything on account of said loan, but con-

tinued to buy beer—presumably there was a profit to him from her as a customer.  A few years ago she desired to go to Germany, and thought if she did so she could get money with which to pay her indebtedness to appellant, whereupon he let her have $100 more.  This was in January, 1896.

It did not appear that prior to April 30, 1900, appellant had any written evidence of such indebtedness; upon that date Mrs. Zetlmeier gave him a note for $700 and a chattel mortgage upon a quantity of furniture and housekeeping utensils.  Mrs. Zetlmeier was at that time indebted to Augusta Moses, her landlord, for some five months' rent.  Shortly after the making of the chattel mortgage the landlord issued a distress warrant and levied upon the mortgaged property, whereupon appellant sued out a writ of replevin and retook the goods and also filed a bill to foreclose his mortgage.  All of these various proceedings came on to be heard in the Circuit Court at one and the same time.  The court found that the chattel mortgage was given by Mrs. Zetlmeier to hinder, delay and defraud creditors and was therefore void.  The bill to foreclose was thereupon dismissed and the property replevied returned to appellee.

The action of the trial court seems to have been predicated upon the conclusion that the indebtedness, if any there were, from Mrs. Zetlmeier to appellant, was out-lawed, that is, that the statute of limitations had run against it at the time she gave the chattel mortgage to appellant; that it was improbable that with an honest purpose she would have given a chattel mortgage to secure a debt against which she had a good defense by way of the statute of limitations; that her action in so doing was in pursuance of her determination to prevent her landlord from obtaining anything upon her claim against his, and that the circumstances under which the chattel mortgage was given were such that appellant must have known it was not made for the *bona fide* purpose of securing him, but for the fraudulent purpose of defrauding another creditor, namely, her landlord.  That appellant's claim was and is a just and

valid one, we think there is no doubt. There certainly was no evidence to the contrary.

Both appellant and Mrs. Zetlmeier testified to the inception of the debt, and that it had never been paid. Indeed, Mrs. Zetlmeier appears not to have known, until she testified as a witness upon the trial, that she could have had a defense to appellant's claim by way of the statute of limitations. It by no means with certainty appeared that the statute of limitations had run against such claim, nor was such issue presented to the trial court. On the contrary, it did appear that so late as 1896 Mrs. Zetlmeier had in effect promised to pay the debt, and as a means of doing so had borrowed an additional sum with which to go to Germany, where she expected to obtain money and thus pay up appellant.

It is very probable that but for the indebtedness to her landlord, Mrs. Zetlmeier would not have made the chattel mortgage in question; that she had right to prefer appellant is unquestionable, and that appellant had an equal right to obtain a preference over the claim of appellee there is no doubt. Union National Bank v. State National Bank, 168 Ill. 256; Goldstein v. Smiley, 68 Ill. App. 49; Juillard v. Walker, 54 Ill. App. 517; Wickler v. The People, 68 Ill. App. 282; McConnell v. Scott, 67 Ill. 274; Hessing v. McCloskey, 37 Ill. 341.

It is true that if a creditor accepts a preference for the purpose of aiding his debtor to hinder and delay his creditors, although there be a *bona fide* indebtedness which is secured by the preference, yet by reason of his intentionally aiding his debtor to hinder and delay his creditors, his security will be regarded as fraudulent and void. Young v. Clapp, 147 Ill. 176.

In this case the burden of proof was upon appellee. Actual fraud is not to be presumed; it must be proven by him who alleges it; and if the motive and design of an act may, under the evidence, as well be traced to an honest and legitimate source as to a corrupt one, the former is to be preferred. McConnell v. Wilcox, 2 Ill. 344–364; Wright

v. Grover, 27 Ill. 426–430; Bowden v. Bowden, 75 Ill. 143–147; Mey v. Gulliman, 105 Ill. 272–285.

To impeach a mortgage of personal property it is necessary to show that both mortgagor and mortgagee designed to hinder, delay or defraud creditors.   Brown v. Riley, 22 Ill. 45–52; Myers v. Kinzie, 26 Ill. 38; Gridley v. Bingham, 51 Ill. 153–155.

There is in this case no evidence that appellant had any intention to do or aid in anything save to obtain security for his debt.   The claim of appellee that appellant was not a *bona fide* creditor of Mrs. Zetlmeier, as well as that he intended to aid her, or be engaged in any way in a plan to hinder, delay or defraud appellee, is based entirely upon conjecture.   The evidence is that Mrs. Zetlmeier honestly owed appellant $700; that for the purpose of securing him and quite probably giving him a preference over appellee, the chattel mortgage under consideration was made.   We do not look upon the fact that after appellant had taken the property by replevin, he returned it to Mrs. Zetlmeier and allowed her to use it in her boarding house, as a badge of fraud.

By the conditions of the chattel mortgage she was permitted to retain possession of the property and the return of it to her was but placing it in the position in which it was before the levy under appellee's distress warrant. Moreover, appellant, if he had not done this, would have been put to the expense of storing the property until the termination of the litigation, as that any third party would buy the same when the right to the possession of it was in controversy in court was not to be expected.

Appellant did at once file his bill to foreclose and so speedily as possible was proceeding to have his right to sell the same determined.   What motives actuated Mrs. Zetlmeier in desiring to prefer appellant as a creditor, if she did not do so for the purpose of hindering, delaying or defrauding her other creditors, is immaterial.   It is easy to see that she may have felt more kindly toward and more anxious to secure a creditor who had for many years been

so lenient in his dealings with her rather than her landlord. It is certainly not to be assumed that a creditor looks upon the claim of his landlord more favorably than he does upon his indebtedness to one who has loaned him money; nor can a court of chancery regard it as a badge of fraud that a woman should have been anxious to pay a debt barred by the statute of limitations; so far from such feeling upon her part being an indication of fraud, it was in a high degree meritorious, and such feeling alone is, if it be unusual, not so much indicative of a fraudulent as of an honest purpose and heart.

The judgment of the Circuit Court in the action of replevin is reversed and the cause remanded.