# Andrew B. McConnell

## v.

# William T. Scott.

1. CHATTEL MORTGAGE. A chattel mortgage given by a tenant to his landlord to secure rent already due, and to become due in the future, it appearing on its face that the several amounts were then unadjusted, where the debt is *bona fide*, is valid and binding, even as against creditors of the mortgagor.

2. Where a chattel mortgage was given to secure a debt falling due at different times, the mortgagee is not bound to wait until the last payment matures before taking possession of and selling the mortgaged chattels. But if the law were otherwise, no one but the mortgagor can complain that the mortgagee seized the property before the whole debt matured.

3. SAME—*notice of sale.* The omission to state, in the notice of the sale of mortgaged chattels, whose property would be sold, will not invalidate the sale. And even if the sale was irregular and failed to foreclose the equity of redemption, the mortgagee would have the right, on default, to reduce the property to possession and hold the same until his debt is paid or tendered him.

WRIT OF ERROR to the Circuit Court of Sangamon county; the Hon. JOHN A. McCLERNAND, Judge, presiding.

Messrs. CULLOM & ZANE, for the plaintiff in error.

Messrs. ROBINSON, KNAPP & SHUTT, for the defendant in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of replevin, brought by defendant in error, in the Sangamon circuit court, against plaintiff in error, to recover a lot of stock and other personal property which plaintiff in error had levied upon as the property of N. J. Shropshire. It is agreed that Shropshire occupied a farm of defendant in error, situated in Sangamon county, and was justly indebted for rent already due, and for rent to become due; and on the 5th day of January, 1871, he executed

to defendant in error a chattel mortgage on a large quantity of personal property, to secure the payment of rent due for the use of the farm of defendant in error, the time for the payment of which was extended until the 4th of October, 1874, and for rent that would accrue during that year, and which was payable on the 1st day of January, 1872.

The mortgage states that the amount of the rents then due had not been adjusted, nor was the amount of rent falling due on the 1st of January, 1872, named in the mortgage. The condition of the mortgage was for the payment of the rent in arrear by the fourth day of the next October, and for the rent that was to accrue, by the first of the next January, and all interest that should accrue. The mortgage provided for the retention of the property by the mortgagor until default should be made, and if the money should not be paid at the times mentioned, the mortgagor was required to surrender the property to the mortgagee, and on failure to pay the money, etc., the mortgagee was authorized to take possession, and, after giving five days' notice, to sell the same, pay the rents, and pay to the mortgagor any surplus that might remain. The mortgage was properly executed, acknowledged and recorded.

The money already due for rents not having been paid on the 4th of October, the date to which the payment had been extended, on the 5th, defendant took possession and gave notice that the property would be sold, at which time it was offered and bid in by defendant in error as the highest bidder. The amount of rent in arrear was ascertained, before the property was seized by the mortgagee, to be $2715. The proceeds of the sale did not satisfy the rent that was then due to defendant in error.

On the 23d of September, 1871, and whilst the property was still in possession of the mortgagor, an execution came to the hands of plaintiff in error against the goods and chattels of Shropshire, and on the 6th day of November, 1871, the same was levied on the property named in the mortgage,

and purchased at the sale by defendant in error. He thereupon replevied the same, and on a trial the circuit court found the issues in his favor and rendered judgment against plaintiff in error for the costs of the suit, to reverse which this writ of error is brought.

It is first urged that the mortgage was void, because the sum to secure which it was given was not specified therein, but, on the contrary, was stated to be unadjusted.

In the case of *Speer* v. *Skinner*, 35 Ill. 282, after reviewing the authorities, it was said that a mortgage might be given on chattels to secure future advances ; and it was held, in the case of *Collins* v. *Carlile*, 13 Ill. 254, that a mortgage, taken to secure future advances, is valid, although it does not show upon its face the real character of the transaction. In Speer's case it was said, in this regard there was no distinction between a mortgage on real estate and on chattels ; that there is nothing in the statute or in principle to forbid it. All that is required is, that the transaction should be *bona fide*.

In such cases, as well as in those where the debt is minutely described, creditors and purchasers are compelled to see one or both of the parties to ascertain the true state of the indebtedness; and in this case, the creditor could have learned by making inquiry. The mortgage on record pointed him to the source of information, and he only had to pursue it to have learned the extent of the incumbrance.

In *Michigan Insurance Co.* v. *Brown*, 11 Mich. 271, it was held that a mortgage given to secure all debts owing by the mortgagor to the mortgagee, was valid, and binding upon creditors and purchasers. That is more general than this, as this specifies two debts for rent—one due, and the other to mature in the future.

In this case, there is no pretense that the debt was not just and fairly due to the mortgagee. On the contrary, it is admitted that it was just. Being *bona fide*, we can not do otherwise than hold the mortgage valid and binding.

It is next urged that defendant in error had no right to reduce the property to possession until the rent for the year 1871 should fall due. on the 1st of January, 1872. In the case of *Barbour* v. *White*, 37 Ill. 164, it was held that, where several notes, maturing at different dates, were secured by a chattel mortgage, and the condition is broken, it is optional with the mortgagee whether he will take possession on the first default, or wait until the last note falls due. So, in this case, defendant in error had the option, when the mortgagor failed to make payment on the 4th day of October, 1871, to take possession and sell the property. Although the mortgage provides that, if the mortgagor shall make default in the payment of the money at the times it should fall due, he should surrender the property to the mortgagee, yet it further provides that, if default be made in the payment aforesaid, the mortgagee might take possession and sell it in the manner therein provided. We regard the power as having been properly pursued and well executed. But, if defendant in error did not, according to the strict letter of the power, have the right to take possession and make the sale, we perceive no wrong to plaintiff in error. No one could complain but the mortgagor, and he seems to be content. Even had he been entitled to retain the property, unless levied upon under execution, until the first of the next January, still, had a levy been made prior to that time, then the mortgagee would have had, by the terms of the mortgage, the right to reduce it to possession, and plaintiff in error would have been in no better position.

It is urged that the notice was insufficient, because it failed to state whose property would be sold. This, we think, should not vitiate the sale under the mortgage. In the case of *Waite* v. *Dennison*, 51 Ill. 319, a notice of such a sale, which failed to name the owner of the property, and was less full in other respects, was held sufficient to sustain the sale. We can perceive no force in this objection, as, even if the sale was irregular and failed to foreclose the equity of redemption of the

mortgagor or his creditors, still defendant in error had the right to reduce the property to possession and hold it, and the mortgagor or creditors would be compelled to pay him his debt before he could be dispossessed of the property, and there is no pretense that it was paid or even tendered.

The judgment of the court below must be affirmed.

*Judgment affirmed.*