## Margaret Schimberg v. George Waite, Exr., etc.

1. LEGAL RIGHTS AND EQUITIES—*First in Time, First in Right.*— Where the legal rights and equities of different parties are equal, the first in time is first in right.

2. MORTGAGES—*For Future Advances. When Prior Liens.*—A mortgage may secure future advances and become a prior lien for the amount loaned, although the advancements are made after subsequent mortgages are in force.

**Trust Deed Foreclosure.**—Appeal from the Superior Court of Cook County; the Hon. FARLIN Q. BALL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1900. Affirmed. Opinion filed January 29, 1901.

**Statement by the Court.**—The material facts in this case are as follows: One Morrison borrowed from or through Theodore H. Schintz, $18,000, evidenced by two notes, one of $15,000 and the other of $3,000, secured by separate trust deeds upon the same property. The

money was to be applied as the work progressed in the erection of a building upon the property so incumbered. The note for $15,000 was made payable five years after its date, and the $3,000 note was payable in three years. The notes and trust deeds are all dated August 25, 1892, and appear to have been executed at the same time, and acknowledged also at the same time before the same notary. They were left in the hands of Schintz, who was named as trustee in both trust deeds. The trust deed securing the note for $15,000 was filed for record August 26, 1892, the day upon which both trust deeds were acknowledged; but the trust deed securing the note for $3,000 was not filed for record until September 3d following. It further appears that Schintz opened an account with Morrison, which shows a credit to the latter of the full amount of $18,000 on account of said loans, and its payment in full on or before March 3, 1893; but it shows also that prior to November 7, 1892, the payments made amounted only to $10,638.30. Upon the last mentioned date Horace F. Waite, now deceased, under whose will appellee was appointed executor, purchased from Schintz the principal note for $15,000, with its accompanying interest coupons, and received with said principal note and the trust deed securing it, a statement by Schintz certifying that said trust deed was a first lien upon the property therein described.

The history of the note for $3,000, after its execution and delivery to Schintz, seems to be somewhat obscure. It bears the following indorsements : "Pay to the order of John Frank Nolte. Martin Morrison. Pay to the order of Margaret Schimberg. John Frank Nolte." There is evidence, however, fairly tending to show that this note, like the other, was originally held and owned by Theodore H. Schintz, and that at one time it was owned by one Frank Weis, who appears to have resold it to Schintz in September, 1895, for the full amount due thereon. It was transferred by Schintz to appellant March 5, 1896, the time of payment having been extended two years from its

original maturity.    The present bill was filed by Mr. Waite to foreclose the trust deed securing the note for $15,000. Appellant filed a cross-bill claiming that the liens of the two trust deeds are concurrent.    The Superior Court found the Waite trust deed entitled to priority, and from a decree accordingly, this appeal is taken.

James Hibben, attorney for appellant.

Theodore Schintz, attorney for appellee; John Leo Fay, of counsel.

Mr. Justice Freeman delivered the opinion of the court.

It is contended by appellant's counsel that the trust deed securing the note for $3,000 is a concurrent lien with the other trust deed securing the note for $15,000.    The argument is that the lien of both trust deeds attached only when the proceeds of the notes they secured had been paid to or for the use of the borrower, and not from the date when they were filed for record; that the debt is the principal thing and the mortgage or trust deed merely an incident; that there was no debt until the money was actually paid over; that as the notes and trust deeds were concurrent in execution and delivery and payment of consideration, they are without priority over each other.    It is true, that when Waite bought the note for $15,000, of Schintz, its holder, there had been paid out for account of the borrower only $10,638.30.    But the entire debt or obligation had nevertheless accrued the moment the notes and trust deeds were delivered to Schintz, under an agreement with the latter that the money should be paid out upon the architect's certificates as the progress of the work on the building should require.    Schintz from that time became a depository of the fund for Morrison's use for the purpose for which the loans were made.    The conditions were the same as they would have been if Schintz had paid the money to Morrison in person at the time of the delivery of the notes, and the latter had thereafter deposited it with Schintz to be paid out in the manner agreed upon.    Morrison was

indebted upon the notes from their delivery, and Schintz held the money from that time, as Morrison's agent under the conditions of the agreement. He was obligated and could have been compelled to pay, had it become necessary. Crane v. Deming, 7 Conn. 387 (p. 397).

The case of Schultze v. Houfes, 96 Ill. 335, is cited by appellant's counsel as authority for the contention that the lien of neither trust deed attached until the money was actually paid out by Schintz, as the building progressed. In that case a trust deed to Houfes, continuing an existing mortgage, the original note and mortgage having been destroyed by fire, was executed and delivered, but was not recorded until after a subsequent trust deed to Schultze upon the same property had been put on record. The Houfes trust deed was, however, filed for record the same day upon which Schultze paid over the money which the trust deed to him was given to secure. It was held, notwithstanding the Schultze deed was first of record, that he was not entitled to priority as a "subsequent purchaser without notice," under section 30 of the conveyance act, until he paid over his money, which did not appear to have been done until after the record of the Houfes deed, the latter's money having been paid long before either deed was recorded. In the case at bar there was no priority in the execution or delivery of the trust deeds, nor in the payment of the money to the maker, but only in the date of record, and in the priority of Waite's purchase without notice of anything suggesting that the note he bought was not a prior lien. In the Schultze case it is said, "Where the legal rights and equities of the parties are equal, the first in time is first in right." Waite's trust deed was clearly first in time in these two important respects. A mortgage may secure future advances, and becomes a prior lien for the amount loaned, although the advancements are made after subsequent mortgages are in force. Collins v. Carlile, 13 Ill. 254 (259); McConnell v. Scott, 67 Ill. 274 (276), and cases cited. See also Crane v. Deming, 7 Conn. 387 (396).

In the present case the trust deed securing the note

for $15,000 was filed for record several days before that now held by appellant. They were not, therefore, concurrent in that respect, and appellant acquired her note and trust deed with the statutory notice of the priority of appellee's trust deed, which, as therein provided (R. S., Chap. 30, Sec. 30), took effect and was in force from and after the time of filing for record as against appellant, who afterward became a "subsequent purchaser." The case of Lampkin v. First National Bank, 23 S. E. Rep. 390, cited by appellant's counsel, in which the mortgages were all filed together, each mortgagee having notice of the others, is not in point.

At the time of the execution and delivery of the notes and trust deeds to Schintz he was, so far as appears, the owner of them all. As such it was in his power to give priority by agreement to either, if he chose so to do. He did so agree, and gave notice to a subsequent purchaser that the larger note and trust deed had been given priority, by recording it some days before the other. From that time any one acquiring the smaller note and trust deed by an equitable assignment from Schintz took it subject to Waite's equities, and was put upon inquiry. Walker v. Dement, 42 Ill. 272 (279).

It is claimed by appellant's counsel that Schintz must be deemed never to have had title to the note for $3,000 because it does not bear his indorsement to Nolte. The note was payable to the maker's order and by him indorsed. It did not need Schintz' indorsement to make it transferable. But the claim finds no justification in the evidence. We find no warrant for the conclusion or inference that Schintz was not the holder of both notes at the time of Waite's purchase.

The report of the master finding that appellee is entitled to a first and prior lien upon the premises in controversy is correct, and the decree in accordance therewith must be affirmed.