## Eli Good, Appellee, v. John S. Woodruff, Appellant.

### Gen. No. 23,112.

1. APPEAL AND ERROR, § 1752*—*when judgment may be affirmed because of insufficient abstract.* Where the abstract of the record on an appeal from a decree is insufficient and does not comply with the rules of the Appellate Court, in that it contains an insufficient abstract of the decree and the master's report and shows none of the exhibits or documentary evidence introduced on the hearing, the Appellate Court may either affirm the decree for that reason or may pass upon the merits.

2. MORTGAGES, § 80*—*when mortgage to secure future advances becomes prior lien.* A mortgage may be made to secure future advances and become a prior lien for the amount loaned, even though no money is advanced until after subsequent mortgages are in force, and even though it does not state that it is given to secure future advances.

3. MORTGAGES—*when provision of trust deed as to foreclosure thereof for amount due on interest notes subject to lien for principal by other than holders of bonds is inapplicable.* The provision of a trust deed that, in case the interest notes of the bonds secured by it shall become the property of any person other than the holders of the bonds, the trust deed may be foreclosed for the amount due upon such interest notes or any of them, as though they and the principal sum were secured by separate deeds of trust, provided, however, that such foreclosure shall in all respects be secondary and subject to the lien of the trust deed for the security of the principal sum and any and all interest notes other than those for which the foreclosure is had, only applies where one who becomes the owner of interest notes seeks to foreclose them, and not to a controversy between the holder of the bonds and trust deed and the holder of a mortgage, who had also purchased interest notes of the former mortgage, as to the priority as between their respective liens.

4. MORTGAGES—*when purchaser of interest coupons first maturing is not entitled to preference in payment over bonds.* The purchaser of interest coupons of bonds secured by a mortgage which were the first of such coupons to mature is not entitled to preference in payment over the bonds where the trust deed provides that all of the bonds are equally secured "without any preference

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

or priority whatsoever," but such purchaser has a concurrent lien with the holder of the bonds to the amount of his coupons.

5. MORTGAGES, § 257*—*when agreement for extension of time for payment of bonds not shown.* Evidence *held* insufficient to show an agreement by the holder of bonds secured by a trust deed to extend the time for the payment of such bonds.

6. MORTGAGES, § 538*—*what decree of foreclosure and sale should provide as to payment where parties have concurrent liens.* A decree on foreclosure which finds that the two parties between whom there is a controversy as to the priority of liens held by them on the property have a lien concurrent with each other for the amounts due them and also provides for the sale of the property, should provide that the parties be paid in the proportion of their respective interests out of the proceeds.

Appeal from the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1917. Modified and affirmed. Opinion filed October 31, 1917.

BENJAMIN F. J. ODELL, for appellant; MELVILLE R. ADAMS, of counsel.

PARK PHIPPS, for appellee; ROBERT HUMPHREY, of counsel.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

By this appeal appellant seeks to reverse a decree of the Superior Court of Cook county, entered in a foreclosure suit.

The record discloses that one Harry Korshak was desirous of constructing a building on some real estate owned by him and applied to Wendell & Company to obtain the money. Wendell & Company agreed to loan him the money and on July 27, 1912, Korshak executed 34 bonds each for the sum of $500, and on the same date he and his wife executed a trust deed on the premises to secure the payment of the bonds. The bonds and trust deed were delivered to Wendell &

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Company, and the trust deed was filed for record in the recorder's office of Cook county, July 30, 1912. On July 28 or 29, 1912, Korshak applied to appellant for a loan to be secured by a mortgage on the same premises. Appellant employed an attorney to examine the title, and after an examination the attorney reported that the property was free from incumbrances, except a mortgage given to secure $1,000; and on August 1st, Korshak executed his note for $4,800 and mortgage to secure the same, and delivered them to appellant and received the $4,800. This mortgage was filed for record August 2, 1912. Apparently appellant afterwards filed a bill to foreclose his mortgage which had ripened into a master's certificate held by him at the time of the trial of the case at bar. The interest on the 34 bonds was due and payable every 6 months and was evidenced by interest notes or coupons. When the first interest notes came due, January 27, 1914, appellant either paid or purchased them from Wendell & Company, and when the second installment of interest coupons became due, appellant paid or purchased them in the same manner.

Appellee Good purchased the bonds and trust deed, and the principal controversy between him and appellant was as to whether the trust deed securing the bonds or the mortgage for $4,800 was a first lien on the premises. The court held that the trust deed was a first lien on the premises, but as the appellant purchased the coupons falling due in January and July, 1914, he was entitled to have a lien concurrent with appellee for the amount of the coupons.

Appellee contends that the abstract of the record is not sufficient to enable this court to determine the error assigned, and therefore the decree should be affirmed. The abstract is insufficient and does not comply with the rules of this court, in that it contains an insufficient abstract of the decree and the master's report, and shows none of the exhibits or documentary

evidence introduced on the hearing; and, while we might affirm the decree for this reason, yet we think it more satisfactory to pass on the merits although it does require additional labor.

Appellant contends that his indebtedness of $4,800 is a first lien on the premises for the reason that on August 1st, when he paid Korshak the $4,800 and recorded the trust deed, he was without actual knowledge of the making and recording of the trust deed securing the bonds, and that no money was advanced on the bonds to Korshak until August 28th, which was 26 days after appellant's trust deed was recorded; that under the law a mortgage takes effect as a lien only from the time the debt is created, unless it is given to secure future advances and is so stated in the mortgage, and that no debt was created by reason of the execution of the bonds until August 28th when Wendell & Company paid out a part of the proceeds towards the construction of the building; that as the trust deed securing the bonds did not show that it was given to secure future advances, and as appellant advanced to Korshak his money first, he is entitled to have his mortgage declared a lien superior to the trust deed securing the bonds.

The evidence disclosed that at the time Korshak was negotiating with Wendell & Company for the loan, it was agreed that Korshak should not receive any of the money for which the bonds were given, but that Wendell & Company, as his agents, should disburse the money from time to time in payment of the building as it progressed. It was a building loan. All the money was paid out as agreed by Wendell & Company, without any knowledge of appellant's mortgage.

A mortgage may be made to secure future advances and become a prior lien for the amount loaned, although no money is advanced until after subsequent mortgages are in force. *Schimberg v. Waite*, 93 Ill.

App. 130; *Collins v. Carlile,* 13 Ill. 254; *McConnell v. Scott,* 67 Ill. 274; *Ackerman v. Hunsicker,* 85 N. Y. 43; *Platt v. Griffith,* 27 N. J. Eq. 207; 1 Jones on Mortgages, sec. 372. And this is true although the mortgage does not state that it is given to secure future advances. *Collins v. Carlile, supra; Shirras v. Caig,* 7 Cranch (U. S.) 50; *Platt v. Griffith, supra.* When Korshak executed the bonds and trust deed and delivered them to Wendell & Company, there was then a binding contract between the parties, and when the trust deed was filed for record August 30th, it was a valid lien on the premises as to appellant and all the world. Appellee's lien was therefore superior to appellant's.

Appellant further contends that as he purchased the interest coupons maturing in January and July, 1914, he was entitled to have a first lien on the premises for the amount of the coupons; that interest notes or coupons are entitled to be paid from the proceeds of the mortgaged property in the order of their maturity, and as his coupons matured first he is entitled to a first lien. Appellee concedes that when a mortgage is given to secure several notes due at different times, and the notes are held by different persons, the one first maturing is to be first paid out of the mortgaged property; but it is argued that this law does not prevent the parties from contracting otherwise, and that the trust deed in this case expressly provides that if any interest notes should become the property of any person other than the owners of the bonds, in such case the indebtedness evidenced by such notes or coupons should be subject and secondary to the lien of the indebtedness evidenced by the bonds and the interest coupons held by the bondholders. The provision of the trust deed is: "It is further expressly * * * agreed that in case the interest notes hereinbefore mentioned * * * shall become the

property of any person or persons other than the holder or holders of said bond or bonds, * * * then in that case, this Trust Deed may be foreclosed for the amount due at any time upon said interest notes or any of them, * * * the same to all intents and purposes as though they and said principal sum were secured by separate deeds of trust; *Provided*, however, that any such foreclosure for any amount due upon interest notes * * * shall be in all respects secondary and subject to the lien of this Trust Deed for the security of the principal sum and any and all interest notes * * * other than and in addition to those for which said foreclosure shall be had.''

We cannot agree with appellee's contention. We think the provision above quoted only applies where a person becomes the owner of coupons only and seeks to foreclose them in a separate suit, and has no application to the facts in the case at bar. Nevertheless, appellant is not entitled to have his coupons paid first because they mature first, for the trust deed expressly provides: ''All of the bonds herein described are equally in all things secured by the said Trust Deed without any preference or priority whatsoever of the lien thereof in favor of any one or more of said bonds over any one or more of the others.'' We think, therefore, that the master and chancellor were correct when they held that appellant had a lien for the amount of his coupons concurrent with the lien of appellee.

Appellant further contends that the bill to foreclose was prematurely filed, as there was no default; that it was agreed between him and Wendell & Company that in consideration of appellant's paying or purchasing the coupons falling due in January and July, the time of payment of the first and second bonds would be extended for a period of 6 months, and that neither of these periods had elapsed prior to the filing of the bill. The evidence as to whether there was an agreement to extend the time of payment of the bonds was

somewhat conflicting, but we are clear from a consideration of it that the finding of the master that no such agreement was made is amply sustained by the evidence.

There is, however, an error in the decree which was evidently made by inadvertence. The decree finds that appellant and appellee have a lien concurrent with each other on the premises for the amounts due them respectively, and it is provided that, unless these amounts are paid, the property be sold by the master and out of the proceeds of the sale, after paying the costs, etc., the master shall pay appellee the amount found due him, and if there is any surplus he shall bring the same into court. The decree should have provided that the parties be paid in the proportion of their respective interests out of the proceeds if there was sufficient money to do so. The decree, therefore, will be modified in this regard, and as so modified is affirmed.

*Decree modified and affirmed.*