Shohl, P. J.
The Southern Ohio Loan & Trust Company brought an action in the court of common pleas to foreclose a mortgage for $3,000, given by Luella C. Bagley and her husband. Oscar W. Kuhn, trustee, filed an answer and cross-petition alleging that he held a mortgage for $2,000, which was prior in right to the mortgage of the loan and trust company, and asked to be paid first out of the proceeds of any sale. The court adjudged the mortgage of the loan and trust company to be the first and best lien, and stated its findings' of fact separate from its conclusions of law.
*185 Plaintiff in error contends that the judgment is not supported by the findings of fact. The court found that on May 2, 1916, the Bagleys executed and delivered to the plaintiff a note for $3,000, with interest, and a mortgage to secure the same. The mortgage was duly recorded on May 6. It recited that it was given “to improve the premises described herein and pay off prior incumbrances thereon, and the mortgagor hereby consents and agrees with the mortgagee that the funds may be paid out by the mortgagee as provided in Section 8321-1 G. C
That section, among other things, provides that the mortgagee shall not be required to pay out any of the mortgage fund for fifteen days after filing said mortgage. It also provides for the manner in which payments shall be made, which are considered the same as if paid to the mortgagor. It contemplates turning over the money to the mortgagor, or persons for him, at a time subsequent to the recording of the instrument.
The consideration for the note and mortgage was paid by the trust company to the Bagleys, $1,200 on May 8, 1916, and the balance, $1,800, on June 23, 1916. On the 8th day of May, subsequent to the payment of the $1,200, and approximately six weeks prior to the later advances, the Bagleys gave Kuhn, trustee, their note and mortgage for $2,000, which was recorded in the afternoon of that day.
Bagley was a contracting builder, and erected a dwelling house on the property for and under agreement with his wife, who was the owner. The dwelling house was erected on the property, and *186 the money loaned by the loan and trust company was paid over to the Bagleys for the erection of the dwelling house. Kithn, trustee, had knowledge of the erection of the dwelling house, as aforesaid.
It will be seen, therefore, that the case is one in which a first mortgagee, who is obligated to make a further advance of $1,800, in addition to $1,200 already paid, makes the later advance after a second mortgage has been recorded. The law permits and enforces mortgages to secure future advances (1 Jones on Mortgages [7 ed.], Section 365, note 18). It is common practice in Ohio and elsewhere to arrange for mortgage loans, the proceeds of which are to be used for the construction of improvements on land, on terms whereby the lender agrees to advance specified amounts at certain stages of the progress of the work. If a later mortgagee, by taking and recording his mortgage on an incompleted building, acquires a better right than that of the first mortgagee as to the later advances, the first mortgagee is in a predicament. 'If he carries out his agreement and lends the money, he has lost his right to be secured on it. If he breaks' his agreement' and no more money is supplied to complete the structure, his security as to the advances already made is impaired.
One of the leading cases on the general subject of priority between consecutive mortgages is the decision of Spader et al. v. Lawler, 17 Ohio, 371. In that case a mortgage was made to secure future advances'. A later mortgage was recorded prior to the making of the future advances. It was held that the second mortgage prevails as. against the *187 advances made on the prior mortgage subsequent to the recording of the second mortgage. The case has been followed in Ohio and is the settled law of the state. See Choteau, Merle & Sandford v. Thompson & Campbell, 2 Ohio St., 114, and West v. Klotz, 37 Ohio St., 420. If the rule is of universal application it would compel the abandonment of the practice of financial institutions of advancing the amounts loaned, in instalments. Either they would have to give the borrower the full amount of his loan at once, and trust him to improve the land, which in its unimproved state is not worth the amount of the mortgage, or they must risk the possibility of later mortgages, with the unhappy result above referred to. In Spader v. Lawler the mortgage was to secure the loan — “and any other sum, or sums of money which the said Bonsai may .be owing to the said Lawler,” but Lawler was under no obligation to make any further advances.
While the question has never arisen in Ohio, there is a well-established exception to the general rule. Where the mortgagee is bound by his contract with the mortgagor to make advances in the future, he will take precedence over any subsequent incumbrance given by the mortgagor, even if he knows of it at the time the advance is made.
The doctrine is stated in Boswell v. Goodwin et al., 31 Conn., 74:
“Where a mortgage is given to secure future advances or liabilities, and the mortgagee has definitely agreed to make such advances or to assume such liabilities, the mortgage when recorded is a *188 valid and fixed security, not affected by a subsequent mortgage of the same property, though the advances may be made or the liabilities assumed after the record of such later mortgage.
“Where, however, it is optional with the mortgagee to make the advances or not, and he has actual notice of a later mortgage upon the same property for an existing debt or liability, such later mortgage will take precedence of the prior one as to all advances made after notice of such later mortgage.”
This rule is also supported by the following:
Tompkins v. Little Rock & Ft. S. Rd. Co., 15 Fed. Rep., 6; Board of Com’rs v. Wills & Sons, 236 Fed. Rep., 362, 374; Crane v. Deming, 7 Conn., 387, 398; Rowan v. Sharps Rifle Mfg. Co., 29 Conn., 282; Schimberg v. Waite, 93 Ill. App., 130; Brinkmeyer v. Browneller, 55 Ind., 487; Schmidt v. Zahrndt, 148 Ind., 447; Nelson v. Iowa Eastern Ry. Co., 8 Am. Ry. Rep., 82; Jos. J. Robinson & Son v. Consol. Real Est. Co., 55 Md., 110; Platt v. Griffith, 27 N. J. Eq., 207; Hyman v. Hauff, 138 N. Y., 48; Blackmar v. Sharp, 23 R. I., 412, 419; Alexandria Sav. Inst. v. Thomas, 29 Gratt (Va.), 483, 489; 1 Jones on Mortgages (7 ed.), Section 375, and 11 Am. Law Reg., N. S., 273.
By the arrangement between The Southern Ohio Loan & Trust Company and the Bagleys, the loan and trust company was bound to make advances in the future. It had a right, therefore, to carry out the agreement regardless of the later recorded mortgage. The judgment of the court below awarding priority to The Southern Ohio Loan & Trust *189 Company for the full amount of the $3,000 mortgage was correct and should be affirmed.'

Judgment affirmed.

Hamilton and Cushing, JJ., concur.