Chicago Title and Trust Company, Defendant in Error,
v. Isaac Rosenberg et al., Defendants.
Appeal of Advance Heating Company, Plaintiff in
Error.

Gen. No. 37,628.

Opinion filed June 26, 1935.   Rehearing denied July 10, 1935.

DECKER & GOLDEN, of Chicago, for plaintiff in error; HERBERT DECKER and MILTON PERLMAN, of Chicago, of counsel.

JOSEPH F. ELWARD, of Chicago, for defendant in error.

MR. JUSTICE HALL delivered the opinion of the court.

This is an appeal by the Advance Heating Company, defendant, from a decree entered in a foreclosure proceeding brought by the Chicago Title & Trust Company, trustee in a mortgage trust deed, involving several defendants, including the Advance Heating Company, a corporation, which corporation claims that it has a mechanic's lien superior to that of the mortgage lien on the mortgaged property, for certain labor and materials furnished by it.  To the bill of foreclosure, the defendant, Advance Heating Company, filed an answer in which it is alleged *inter alia* that on the 1st day of July, 1929, it filed its claim for mechanic's lien, as provided by statute, in the circuit court of Cook county, Mechanic's Lien No. 156998, against the premises described in the bill of complaint; that on or about the 22nd day of August, 1928, it entered into a contract with Isaac Rosenberg and Boruch Waintroob, wherein and whereby it agreed to furnish and install a heating system in the premises commonly known as 4227-45 Diversey avenue, Chicago, for the

sum of $3,775, in accordance with the terms of the contract, a copy of which it is alleged is attached to the answer; that it furnished extra labor and material to the value of $235.40, and that there was paid on account the sum of $1,500, leaving a balance due of $2,510.40, with interest from March 26, 1928; that the labor and materials were accepted by the defendants, Rosenberg and Waintroob, and that it has a lien on the premises described prior to the lien of the trust deed sought to be foreclosed in the suit. The matter was referred to a master in chanceery to take testimony and report his findings, and after extensive hearings, commenced about March 31, 1931, and concluded about October 1, 1931, the master on January 12, 1932, filed his report. As to the defendant, the Advance Heating Company, the master found that it, together with certain other mechanic's lienors, had valid and subsisting first liens upon the improvements made upon the premises to the extent of the enhanced value of such improvements by labor and material furnished by each and that the lien of the Advance Heating Company is for labor and materials furnished by it of the value of $2,187.90, with interest on $2,510.40 from March 26, 1929, to September 5, 1929, on $2,494.40 from September 5, 1929, to September 16, 1929, on $2,487.90 from September 16, 1929, to December 20, 1929, and on $2,187.90 from December 20, 1929, to January 12, 1932, which interest amounts to the sum of $319.22, together with costs to be taxed. The master also found that the lien on the land of the trustee in the mortgage is prior and superior to the lien of the Advance Heating Company. Exceptions were filed by the Advance Heating Company to the master's report, and after a hearing, the court entered an order approving the master's report, and entered a decree accordingly. Upon the hearing of the exceptions to the master's report, the defendant, Advance

Heating Company, sought to amend its answer by changing the allegation as to the date of the contract between the parties from August 22, 1928, to July 20, 1928. The court denied the motion of defendant, Advance Heating Company, to so amend its answer.

It is the theory of the Advance Heating Company that it has a first and prior lien on the land and improvements in question over the lien of complainant, the trustee in the mortgage, because of the fact that the trust deed was given to secure moneys aggregating $85,000, borrowed for construction purposes, and that the contract of the Advance Heating Company with the owners of the premises was entered into prior to the advancement of any moneys under the trust deed, except the sum of $3,000. The ground for reversal is apparently based principally upon the alleged error of the trial court in refusing to allow the amendment to the answer. In support of the proposed amendment, it is claimed by defendant that the testimony taken before the master, contained in his report, shows that the contract between the parties was entered into on July 20, 1928, rather than on August 22, 1928, the date set forth in the original answer, and the date of such contract, as stated in the notice of claim filed in the circuit court of Cook county, and that, therefore, the court should have allowed the amendment to be made.

The answer to the bill was filed on December 29, 1930, and after a reference to the master, and as already stated, hearings before such master commenced on March 31, 1931, and were closed on October 10, 1931. On February 8, 1932, the court entered an order directing the master in chancery to file his report instanter, and that the objections filed to the master's report stand as exceptions and it was ordered that the cause be set for a hearing on May 26, 1932. On May 26, 1932, the motion for leave to file an amended answer by the defendant, Advance Heating Company, was

made. The hearing before the master, in so far as the questions before this court are concerned, was had on the bill as originally filed and the answer filed. It was not until after the master's report had been completed that any question was raised as to the date of the contract between the parties.

The testimony adduced at the hearing before the master as to when the contract between the parties was entered into was that of Samuel A. Haas, president and treasurer of the Advance Heating Company, and Boruch Waintroob, one of the defendants. Haas testified that he was present when the contract was signed, and that it was executed July 20th, 1928. Waintroob testified that the contract ''was signed by me on June 25th. . . . The first part of July, I signed the contract.''

The statement and claim of lien already referred to, filed by the Advance Heating Company in the circuit court, in which it was stated that the contract was entered into on August 26, 1928, was signed by Paul Abrahamson, secretary of the Advance Heating Company, sworn to by him, and in his affidavit he stated that the facts set forth in the statement of claim, including the statement as to the date when the contract was entered into, were true.

The master had both this affidavit and the testimony of the witnesses before him when he made his report, and we are of the opinion that he was fully justified in his conclusion that the contract was entered into on August 26, 1928, and not July 20, 1928, and that the court was justified in refusing to allow the amended answer to be filed. This is particularly true in view of the fact, among other things, that the matter had been pending for such a long period of time before any effort was made to amend the answer.

Defendant further insists that it is entitled to a priority of lien on the land and improvements, because the lien of the trust deed is given to secure

advances to be made for construction purposes, and that such lien does not begin when the trust deed is recorded, but rather on the date and to the extent of the advances, and the amount of the debt at any given time. The record indicates that on May 10, 1928, the mortgagors made application for a loan of $85,000, to be secured by trust deed on the property described; that about May 15, 1928, the application for the loan was executed; that on June 1, 1928, the mortgagors executed and delivered the $85,000 of bonds to secure the payment of which the mortgage was given, and that on the same date, it made the trust deed dated June 1, 1928, to the Chicago Title & Trust Company, which was acknowledged on the same date by the mortgagors, and on June 24, 1928, was recorded in the recorder's office of Cook county; that on June 14, 1928, an account was opened by the mortgagee for the mortgagors, and the sum of $85,000 was placed to their credit in this account; that certain payments were made out of such fund to a general contractor who was constructing the building on the premises in question on August 10 and August 28, 1928, and that all the improvements on the land were paid for out of the proceeds of the loan.

In *Schimberg v. Waite,* 93 Ill. App. 130, one Morrison borrowed $18,000 from one Schintz, evidenced by two promissory notes, one for $15,000, and one for $3,000, secured by separate trust deeds upon the same property. The money was to be applied as the work progressed in the erection of a building upon the property described in the trust deeds. The note for $15,000 was made payable five years after its date, and the $3,000 note was payable three years after date. The notes and trust deeds all bore the same date, and, as the court says in its statement of the case, appear to have been executed at the same time and acknowledged at the same time before the same no-

tary. Schintz was the trustee in both trust deeds. The trust deed securing the note for $15,000 was filed for record August 26, 1932, the date of the acknowledgment of the trust deed, but the trust deed securing the note for $3,000 was not filed for record until September 3, following. Schintz opened an account with Morrison, which showed a credit to the latter of the full amount of $18,000 on account of the loan. Payments were made on account of a building contract as the work progressed. The note for $15,000 became the property of one person, and the note for $3,000 the property of another. A bill was filed to foreclose by the owner of the $15,000 note, and a cross-bill by the owner of the $3,000 note. By the cross-bill, it was claimed that the liens of the two trust deeds were concurrent. The right of priority of lien based upon substantially the same grounds as are urged in the instant case, was involved there. The superior court of Cook county found the lien of the $15,000 trust deed to have priority, and on appeal to this court, the decree of the superior court was affirmed. In its opinion, this court said:

"It is contended by appellant's counsel that the trust deed securing the note for $3,000 is a concurrent lien with the other trust deed securing the note for $15,000. The argument is that the lien of both trust deeds attached only when the proceeds of the notes they secured had been paid to or for the use of the borrower, and not from the date when they were filed for record; that the debt is the principal thing and the mortgage or trust deed merely an incident; that there was no debt until the money was actually paid over; that as the notes and trust deeds were concurrent in execution and delivery and payment of consideration, they are without priority over each other. It is true, that when Waite bought the note for $15,000, of Schintz, its holder, there had been paid out for

account of the borrower only $10,638.30. But the entire debt or obligation had nevertheless accrued the moment the notes and trust deeds were delivered to Schintz, under an agreement with the latter that the money should be paid out upon the architect's certificates as the progress of the work on the building should require. Schintz from that time became a depository of the fund for Morrison's use for the purpose for which the loans were made. The conditions were the same as they would have been if Schintz had paid the money to Morrison in person at the time of the delivery of the notes, and the latter had thereafter deposited it with Schintz to be paid out in the manner agreed upon. Morrison was indebted upon the notes from their delivery, and Schintz held the money from that time, as Morrison's agent under the conditions of the agreement. He was obligated and could have been compelled to pay, had it become necessary. *Crane v. Deming*, 7 Conn. 387 (p. 397).''

In *Good v. Woodruff*, 208 Ill. App. 147, a loan was made and a mortgage trust deed given to secure the same, the proceeds of which were to be used in the construction of a building, and to be paid out only for that purpose. Subsequently, another loan was made on the same property, and the same question arose as has arisen here, as to which had the prior lien, in view of the fact that all the money on the first loan had not been paid out at the time the second loan was negotiated, and the trust deed to secure the same filed for record, and the court said:

''The evidence disclosed that at the time Korshak was negotiating with Wendell & Company for the loan, it was agreed that Korshak should not receive any of the money for which the bonds were given, but that Wendell & Company, as his agents, should disburse the money from time to time in payment of the building as it progressed. It was a building loan. All the

money was paid out as agreed by Wendell & Company, without any knowledge of appellant's mortgage.

"A mortgage may be made to secure future advances and become a prior lien for the amount loaned, although no money is advanced until after subsequent mortgages are in force. *Schimberg v. Waite,* 93 Ill. App. 130; *Collins v. Carlile,* 13 Ill. 254; *McConnell v. Scott,* 67 Ill. 274; *Ackerman v. Hunsicker,* 85 N. Y. 43; *Platt v. Griffith,* 27 N. J. Eq. 207; 1 Jones on Mortgages, sec. 372. And this is true although the mortgage does not state that it is given to secure future advances. *Collins v. Carlile, supra; Shirras v. Caig,* 7 Cranch (U. S.) 50; *Platt v. Griffith, supra.* When Korshak executed the bonds and trust deed and delivered them to Wendell & Company, there was then a binding contract between the parties, and when the trust deed was filed for record August 30th, it was a valid lien on the premises as to appellant and all the world. Appellee's lien was therefore superior to appellant's."

We are of the opinion that the court was not in error in holding that the lien of the trust deed has priority over the mechanic's lien of the defendant, Advance Heating Company as found by the decree. Therefore, the decree of the circuit court of Cook county is affirmed.

*Affirmed.*

HEBEL, P. J., and WILSON, J., concur.